UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHIL SAHIL (A-Number: 249-049-583),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-05519-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND REQUIRING BOND HEARING WITHIN FOURTEEN (14) DAYS<br><br>Docs. 1, 2, 11 |

Petitioner Sahil Sahil is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 4, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering that petitioner be provided a bond hearing. Doc. 11 at 14. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. *Id.* On September 18, 2026, respondent filed objections. Doc. 12.

First, respondent cites to *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), in support of its argument that petitioner has received sufficient due process because he previously had a bond hearing in October 2024. *See* Docs. 12 at 1; 11 at 2. In *Rodriguez Diaz*, the Ninth Circuit held that the due process did not require a further bond hearing for a noncitizen detained under 8 U.S.C. § 1226(a), in part because an noncitizen subject to § 1226(a) had procedures

available to seek review of the detention determination in immigration court. 53 F.4th at 1207–10. Here, as the findings and recommendations notes, although petitioner was previously provided with a bond hearing, petitioner has been detained more than twenty-four months since his previous bond hearing and he does not have the statutory right to seek an additional bond hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b). Doc. 10 at 2, 10. Given petitioner's prolonged detention for more than two years pending his immigration proceedings, due process entitles petitioner to a further bond hearing.

Second, respondent relies on *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), in arguing that petitioner has no due process rights regarding his detention beyond "those procedural rights afforded by statute." Doc. 12 at 2. But in *Padilla v. U.S. Immigration and Customs Enforcement*, the Ninth Circuit explained that "*Thuraissigiam* was an admission, not a detention, case" and *Thuraissigiam* did not "trample decades of precedent establishing that noncitizens with the United States, legally or not, generally are within the protections of the Fifth Amendment's Due Process Clause." No. 24-2801, 2026 WL 2822044, at *11, 19 (9th Cir. Sept. 21, 2026) (rejecting government's "extreme reading of *Thuraissigiam*" that class members had "no procedural due process rights regarding their detention other than what is provided by statute."). Respondent's argument that petitioner is limited to the process provided by § 1225(b) regarding his detention is foreclosed by the Ninth Circuit's holding in *Padilla*. *See* 2026 WL 2822044, at *11, 16.

Third, respondent argues that petitioner should bear the burden of proof at any bond hearing. Doc. 12 at 2–3. But when a noncitizen's detention under § 1225(b) has become prolonged as here, the burden is on the government to show by clear and convincing evidence that petitioner is a flight risk or danger such that his continued detention is warranted. *See, e.g.*, *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1120–21 (W.D. Wash. 2019); *Abdul-Samed v. Warden of Golden State Annex Detention Facility*, No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *9 (E.D. Cal. July 25, 2025); *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1112 (S.D. Cal. 2025); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 774 (S.D. Cal. 2020); *Toktosunov v. Wamsley*, No. 2:25-cv-1724-TL, 2025 WL 3492858, at *6 (W.D. Wash. Dec. 5, 2025); *Baghdasaryan v.*

*Warden of California City Detention*, No. 1:25-cv-01555-KES-EPG-HC, 2026 WL 381620, at *7 (E.D. Cal. Feb. 11, 2026), *findings and recommendations adopted by* 2026 WL 487824 (E.D. Cal. Feb. 20, 2026).

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondent's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations, Doc. 11, are ADOPTED.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
3. The motion for temporary restraining order, Doc. 2, is DENIED as moot.
4. Respondent is ORDERED to provide petitioner Sahil Sahil (A-Number: 249-049-583) with a bond hearing before an immigration judge to be held within fourteen (14) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which:
    a. "the government must prove by clear and convincing evidence that [petitioner] is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638 F.3d at 1203, and
    b. the immigration judge should consider petitioner's financial circumstances or alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.
5. Respondent shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondent may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. If respondent does not provide petitioner with a bond hearing within fourteen (14) days, then respondent must

release him.

6. The Clerk of Court is directed to close this case, terminate all pending motions as moot, and enter judgment for petitioner.

7. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: October 24, 2026

UNITED STATES DISTRICT JUDGE